# Terry A. & Barbara A. Nagi

4035 Highwood Court, NW
Washington, DC 20007-2131
Phone:202-342-1727 fax202-965-1722
terryanagi@aol.com; bamorganuk@aol.com

June 30, 2006

Ms. Nancy Mayer-Whittington
Clerk
United States Courthouse
United States District Court for the District of Columbia
333 Constitution Avenue
Washington, DC 20001

Dear Ms. Mayer-Whittington:

As regards the statements included in Sheila J. Carpenter (DC Bar No. 935742), attorney for defendant Standard Insurance Company, case number 06 1130; Judge: Royce C. Lamberth, United States District Court for the District of Columbia, here are reply statements to the "Defendant Standard Insurance Company's Answer and Affirmative Defenses to Plaintiff's Complaint."

## "Answer to the Statement of Claim"....

A written statement is available which clearly states that the plaintiff is grandfathered from the Prudential Disability Insurance Company to the Standard Insurance Company disability insurance policy, for a maximum payment of $6000.

Written proof is also available that the Prudential Insurance Company approved the plaintiff for the extension of his disability claim until September 2005.

Written information is also available which proves the plaintiff's initial disability claim was first closed (but the insurance not cancelled), but reopened as a series of appeal to the Prudential Insurance Company to this claim where evaluated, the final appeal reviewed in September 2005. During this time, there was no indication that any waiver of premium had been cancelled. Nor is there anywhere in either the Prudential Insurance Company's disability policy manual or that of the Standard Insurance Company's disability policy manual that clearly states that a waiver of premium is cancelled during an appeal process.

The plaintiff requested via written correspondence, information on the status of his disability insurance from the Printers Disability Trust in January 2005, but no reply to this request was ever received. The Printers Disability Trust refers all information requests to their insurance carrier, which is the Standard Insurance Company. The Standard did not respond to this request for information that the plaintiff insurance or waiver of premium was cancelled, or not if force.



**RECEIVED**

JUL 5 - 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

● Page 2 Ms. Nancy Mayer-Whittington                                                June 30, 2006

"The plaintiff's frivolous action.' The plaintiff has attempted to keep this suit in the Small Claims Court of the District of Columbia. This suit would first be heard via a mediator, who would most likely settle this suit, and finally in a low cost courtroom process, where total court costs would be minimal or zero. The plaintiff finds it difficult to understand why a lower court cost approach to this suit would be moved to a more expensive venue (the United States District Court for the District of Columbia).

**The plaintiff requests any fees and costs in connection with the prosecution of this case.**

### First Affirmative Defense

The plaintiff clearly states the fact of non-payment by the Standard Insurance Company of a legally due disability payment is why relief should be granted. In fact, the amount due for the month of June 2005 is $6000, not $3000. The total monthly payment due from June 2005, to July 2006 would be $6000 x 14, which equals a total of $84000.

### Second Affirmative Defense

No comment

### Third Affirmative Defense

The plaintiff provided all needed information and actions as defined by the Standard Insurance Companies disability plan. It must be noted that a written copy of the Standard Insurance Company's disability plan and policy manual was never provided to the plaintiff prior to the initiation of the plaintiff's claim, and when finally provided to the plaintiff, was not until September 2005, long after the disability claim for which this action is taken, had been entered. It is difficult for the plaintiff to abide by the rules of the Standard Insurance Company's policy manual when none was ever provided to the plaintiff.

### Fourth Affirmative Defense

Standard Insurance Company has not complied in all respects with the terms and conditions of its policy and/or the plan, and has breached its duty of obligation allegedly owed the plaintiff. It is important to note, in addition, written information from the Standard, directly contradicts this statement, and illustrates in writing where the Standard Insurance Company did not follow its own stated procedures in processing the plaintiff's claim.

### Fifth Affirmative Defense

The plaintiff did not receive a copy of the Standard Insurance Company Plan and/or Policy until long after his claim was filed. In addition, the Plan and/or Policy does not specifically describe when a waiver of premium is cancelled.

● Page 3 Ms. Nancy Mayer-Whittington                              June 30, 2006

### Sixth Affirmative Defense

The Standard Insurance Company has numerous pieces of written correspondence describing the reason for the Plaintiff's claim and why payment of the June 2004 disability was due. The Small Claims Court provides no opportunity in its claims procedure for provided significant information beyond a simple short statement of the reason for a claim.

### Seventh Affirmative Defense

No comment

### Eight Affirmative Defense

The Plaintiff reserves the right to raise additional information to prove the logic and correctness of his claim, which may be established during discovery and by evidence in this case

### Ninth Affirmative Defense

Written information from the Printers Disability Trust confirms that the Plaintiff is grandfathered into the Standard's Disability policy

### Tenth Affirmative Defense

The Plaintiff expeditiously and completely fulfilled each request for information, and the written process for claim submission. It was the Standard, which did not follow its own procedures, as detailed in its policy manual and/or plan, in reevaluating the initial decision to refuse the claim.

It is beyond the plaintiff's reasoning why the defendant would change the venue of this claim from a low cost, Small Claims Court, process. to the United States District Court for the District of Columbia, where costs will be more significant. The plaintiff has made a settlement offer, to which the defendant has never made a comment; the defendant has made an offer, which the plaintiff immediately rejected.

**The plaintiff declares the Affirmative Defenses claimed by the defendant are neither correct nor defendable.**

Respectfully submitted:

Terry A. Nagi
4035 Highwood Court, NW
Washington, DC 20007
Phone; 202-342-1727
Fax: 202-965-1722

● Page 4 Ms. Nancy Mayer-Whittington					June 30, 2006

Email: terryanagi@aol.com

Sincerely,

*[signature]*

Terry A. Nagi

Cc: Sheila J. Carpenter (D.C. Bar No. 935742)